**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GABRIEL GARCIA YANAGUI, aka
Garcia Gabriel, aka Gabriel Garcia, aka
Gabriel Garcia Yanaqui,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 09-73674

Agency No. A073-928-002

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010 [**]

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Gabriel Garcia Yanagui, a native and citizen of Mexico, petitions for review

of the decision of the Board of Immigration Appeals denying his motion to reopen,

in which he challenged the denial of his application for relief from removal.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Petitioner contends that country conditions have changed in Mexico thereby excusing the time and numerical bars to reopening his asylum, withholding, and Convention Against Torture claims. Yanagui also contends that he would be persecuted because he would be perceived as wealthy and a potential kidnapping victim because he is a Mexicans returning from the United States, thereby entitling him to asylum, withholding, and CAT relief. Petitioner failed to establish changed country conditions in Mexico that are material to petitioner and his circumstances. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008). In addition, petitioner failed to establish that he qualified as a member of a cognizable social group, and therefore did not demonstrate prima facie eligibility for the asylum, and withholding relief requested. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (rejecting as a particular social group "returning Mexicans from the United States"). Petitioner also failed to establish that it was more likely than not that he would be tortured if returned to Mexico, and thereby he failed to establish prima facie eligibility for CAT protection. *See id.* at 1152.

**PETITION FOR REVIEW DENIED**.

09-73674